## Stockdale *versus* Ullery.

*Power of Court to award Injunction in Partnership Cases.*

1. The courts, in granting injunctions, are not restricted to acts "contrary to law," but may exercise this power, to restrain acts contrary to equity also; equity being so much a part of the law of Pennsylvania, as that the word "law" often means both law and equity, or either.

2. Where one partner, holding notes for the benefit of the firm, attempts to pawn or pledge them for his own private debts, the court will interfere to restrain it as an act contrary to the laws of Pennsylvania, and a fraud on his copartners.

APPEAL from the decree of the Common Pleas of *Greene county*. IN EQUITY.

James Stockdale, Jacob Ullery, Eli Cope, and Jeremiah Long, were partners, doing business as Stockdale, Ullery & Co. While in business, the firm became the owner of a tract of land in Washington county, and it was agreed by the partners that Ullery, one of the firm, should take the deed in his own name, sell the land, and apply the proceeds to the debts of the firm.

Ullery sold the farm to Koontz & Workman, made them an absolute deed for it, and received from them two negotiable promissory notes drawn in his favour, one for $3500, due April 1st 1859, and one for $4000, due April 1st 1860. These notes Ullery deposited with the "Farmers' and Drovers' Bank of Waynesburg" as collateral security for his own individual debt. While the bank held these notes, Stockdale, Cope, and Long, the other members of the firm (which was then dissolved), filed their bill in equity, setting forth the above facts, and praying for an injunction to restrain the bank from further negotiation or use of the notes, except they be used for the use and payment of the debts of the firm; and to "take such further action in the premises as may appear to be just and reasonable."

The court below granted a rule to show cause why an injunction should not issue, returnable to the first Monday of July, and in the mean time enjoined the bank from negotiating or otherwise disposing of said notes. The bank demurred to the bill, on the ground that the complainants had not, by their own showing, made out such a case as entitled them, in a court of equity, to an injunction, either against the bank or against Jacob Ullery; nor to relief from or against the defendant or the bank, touching the matters contained in said bill.

On the 12th of June 1860, the court below gave judgment for the respondents on the demurrer, whereupon the petitioners appealed to this court.

[Stockdale v. Ullery.]

*Downey, Flenniker & Wyly*, for appellant.—The reasons given by the court below for sustaining the demurrer are not sustained by the laws of this state. The Court of Common Pleas have "supervision and control of partnerships," and the act committed by Ullery was contrary to law, and in violation of the right of his copartners: Act of February 14th 1857; Brightly's Eq. 191; Story's Eq. 669, 674; Spence's Eq. Jur. 665; 8 Bevan Rep. 129; 12 Id. 414; 3 Eng. Law and Eq. 150; Gow on Partnership 576; Brightly's Eq. 525; 1 Harris 282; 10 Barr 280; 1 Jones 387.

2. The partnership was sufficiently averred, the interest of the firm in the land, that the notes in bank were the proceeds of the sale, that they were pledged by Ullery for his own private debt, and in violation of the rights of his copartners; all this was sufficiently set forth, and entitled the party complaining to relief: 7 Barr 56; Dupris *v.* Waddington, 6 Wh. 220; Perrie *v.* Clark, 11 S. & R. 388; Kieffer *v.* Ehler, 6 Harris 391.

*Black & Phelan*, for appellees.—The courts have only power to restrain the commission or continuance of acts *contrary to law*, prejudicial to the interests of the community, or the rights of individuals; and not acts merely contrary to equity: Gilder *v.* Merwin, 6 Wh. 521; Hagner *v.* Heyberger, 7 W. & S. 104.

The prayer was for an injunction against the bank, not against Ullery. But, even if he had been included, he was clothed with the legal title to the land, and his acts in the premises were not contrary to law. An injunction will not be granted except in a clear case of right: 1 Pars. 525; 2 Pars. 71; Lehigh Coal and Navigation Co. *v.* Lehigh Valley Railroad Co., Brightly's Eq. 258.

The parties have a plain legal remedy for any injury which they may have sustained, and therefore have no standing in equity.

The opinion of the court was delivered, January 7th 1861, by

LOWRIE, C. J.—This court has never formally sanctioned the dictum at Nisi Prius, 7 W. & S. 104, that no injunction can be granted to restrain acts contrary to *equity;* and this case shows plainly enough that we cannot properly do it; and several other cases show that our equity powers ought not to be regarded so strictly: 10 Barr 280; 1 Jones 393; 1 Harris 282. Indeed, equity is so much a part of our law, that the word law often means both law and equity, or either.

These notes are in the name of Ullery, and in strict law he has the title to them, and may dispose of them as he pleases, and therefore his pledge of them to the bank for his own debt was an act contrary, not to law, but to equity. But we do not

[Stockdale *v.* Ullery.]

so distinguish between law and equity. Though he had and held the notes in his own name, he held them for the benefit of the firm, and had no legal right to pledge them on his own account. That act was contrary to our law, and we ought to restrain the effectuation of the purpose of it. Besides, it was a fraud upon the rights of his copartners, and it would be a fraud in the bank to assist at it after they are informed of the circumstances, and on this ground it ought to be restrained, if the facts alleged be proved.

The bill is very defectively framed, but the general demurrer does not raise any question of formal defects, and they may yet be cured by amendments, if necessary. The bill shows the sub-stance of a case entitling the plaintiff to be heard in the equity form.

> Decree reversed, and demurrer overruled, and the cause is remitted for further proceedings.